UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHANTAE MONIQUE JONES,

      Plaintiff,

v.                                                      Civil No. 1:10-CV-13855
                                                     Honorable Thomas L. Ludington

JOAN ELLERBUSH MORGAN, et al.

      Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT, DENYING MOTION FOR CLARIFICATION, AND DISMISSING COMPLAINT

On September 27, 2010, Plaintiff Shantae Monique Jones, a federal prisoner confined at the Federal Correctional Institution in Beaumont, Texas, filed a civil rights action[1] and legal malpractice complaint [Dkt. #1]. Plaintiff filed a contemporaneous motion to amend the complaint [Dkt. #3]. Plaintiff subsequently filed a motion for clarification concerning a deficiency in payment of the filing fee on October 22, 2010 [Dkt. #6]. The Court, however, has granted his application to proceed without prepayment of the filing fee on October 29, 2010 [Dkt. #7]. *See* 28 U.S.C. § 1915(a).

In his complaint, Plaintiff contests his federal criminal proceedings and post-conviction process, and alleges claims against the attorney representing him in his federal criminal proceedings and post-conviction process as well as the Office of the Federal Public Defender. Plaintiff seeks monetary damages in excess of $26.5 million. The Court has reviewed the pleadings and for the reasons provided below will grant Plaintiff's motion to amend, deny Plaintiff's motion for

---

[1] Plaintiff's civil rights action is brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

clarification as moot, dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted, and conclude that an appeal cannot be taken in good faith.

## II

### A

Plaintiff filed a motion to amend his complaint contemporaneously with his initial complaint. The complaint has not yet been served upon the defendants. Under the Federal Rules of Civil Procedure, a party may amend his or her pleadings once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Since a responsive pleading has not been filed, Plaintiff has the right to amend the petition without seeking permission from the Court. Accordingly, the Court shall grant Plaintiff's motion to amend the complaint. The information submitted with the motion shall be considered as part of the complaint.

### B

Plaintiff has also filed a motion for clarification regarding an alleged deficiency in the order addressing his request to proceed without prepayment of the filing fee. However, Plaintiff has submitted the completed paperwork to correct the deficiency and the Court has granted his application to proceed without prepayment of the filing fee. Plaintiff's request for clarification is therefore moot.

### C

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C.

§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. *See Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

In his complaint, Plaintiff alleges his defense attorney and the Officer of the Federal Public Defender conspired against him and provided inadequate representation in his federal criminal proceedings. It is well-established, however, that retained or appointed counsel and public defenders performing traditional functions as counsel to a criminal defendant are not state actors "under color of state law" and are thus not subject to suit under 42 U.S.C. § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 317-18 (1981); *Elrod v. Mich. Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004). Similarly, retained or appointed counsel and public defenders representing clients in federal criminal proceedings do not act under color of federal law for the purposes of a *Bivens* action. *See Stamper*

*v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) (citing *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir.1990); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982)); *see also Lindsey v. Jansante*, 806 F. Supp. 651, 654 (E.D. Mich. 1992). Plaintiff's complaint against his defense counsel and the Officer of the Federal Public Defender must therefore be dismissed.

Plaintiff's complaint is also subject to dismissal to the extent that he challenges the validity of his federal criminal proceedings and continued confinement. A claim under § 1983 and/or *Bivens* is an appropriate remedy for a prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see also Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003) (stating that the analysis in *Heck* applies to *Bivens* actions as well as claims under § 1983); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (same). This is true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89.

> *Heck* and other Supreme Court cases, when taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). In this instant case, if

Plaintiff were to prevail on his claims challenging the effectiveness of his legal representation during his criminal proceedings, the validity of his continued confinement would be called into question. As such claims are barred by *Heck*, they will be dismissed.

**II**

Accordingly, it is **ORDERED** that Plaintiff's motion to amend [Dkt. #3] is **GRANTED**.

It is further ordered that Plaintiff's motion for clarification [Dkt. #6] is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's complaint as amended [Dkt. #1] is **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court further **CONCLUDES** that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 1, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 1, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS